[Carter v. Fidelity & Deposit Company of Maryland.]

134   369
s139  344

# Carter *v.* Fidelity & Deposit Company of Maryland.

### *Bill in Equity by Surety for Contribution.*

1. *Bill by surety for contribution; sufficient averment as to liability of defendant.*—On a bill filed by a surety upon one of a series of bonds executed by the tax collector of a county, against certain of the sureties upon other of the bonds for contribution, it was averred that the bond upon which complainant was surety was executed on June 15, 1897, and the bond upon which the defendants were sureties was executed on April 10, 1897. It was further averred in the bill that the said tax collector "on the 1st day of April, 1897, defaulted in failing to pay over to the county," as required by law, a certain designated sum. *Held*: That such bill was not subject to demurrer upon the ground that it failed to allege that the tax collector converted money of the county subsequent to April 10, 1897, the date of the execution of the bond by the defendants.

2. *Same; when surety who pays obligation entitled to include cost of suit in contribution.*—Where the surety upon an official bond, against whom suit is brought, pays the judgment and costs recovered against him, the contribution to which he is entitled is not limited to the actual default of the principal, but should embrace the costs of the suit in which the default was established, where there was reasonable ground of defense for the suit, and such surety acted as a prudent man would in the light of facts and circumstances showing a probability of success in whole or in part in his defending the suit.

3. *Official bond; when binding as a statutory bond.*—Where the tax collector gives bond as is required by statute and which was acted under by him, such bond, although it may be subject to objection as to penalty, time of approval, etc., stands by virtue of the statute in the place of the official bond, subject to all the remedies of a bond executed, approved and filed according to law, (Code, § 3089), including those conferred by statute upon sureties among themselves, (Code, §§ 3118, 3132).

24c

[Carter v. Fidelity & Deposit Company of Maryland.]

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOS. H. SMITH.

The bill in this case was filed by the appellee, the Fidelity and Deposit Company of Maryland, against the appellants. The facts of the bill and the purpose for which it was filed, are sufficiently stated in the opinion.

In addition to the demurrers interposed by the other defandants, the defendant, Carter, demurred to the bill upon several grounds, which may be summarized as follows: 1. Because it fails to show that said Lott had in his possession any part of the monies collected by him as tax collector of Mobile county on and after April 10, 1897. 2. Because it fails to show what portion of said $12,309.54 is for monies collected by said Lott as such tax collector since April 10, 1897, and not paid over by him to the county. 3. Because it fails to show what portion of said $12,309.54 is for monies said Lott as tax collector should have collected and failed to collect. 4. Because it shows the amount in default by said Lott as said tax collector was $12,309.54, whereas defendant is sued for contribution toward the payment of $16,-623.57. 5. Because it shows that the bond given by defendant was not given in accordance with any require- ment of law, and that said Lott was acting as said tax collector under a bond for $100,000, as described in the second paragraph of the bill as amended, and so continued to act under the said $100,000 bond continuously, up to and subsequent to the giving of the bond by the appellee, and shows that said bond given by appellant was not the bond under which Lott acted as tax collector, but is only a common law bond, and is not subject to any statutory provisions of law, and there is no provision of law authorizing complainant to assert any claim against defendant as party to said bond under any statute. 6. Because it does not show that the bond given by this defendant was ever delivered and accepted, as required by law, and that Lott acted under said bond. 7. Because it shows that said $25,000 bond to which this defendant is alleged to be a party, was given as subsidiary to and security for the $100,000 bond described in the

second paragraph of the bill, and does not show that the complainant has exhausted its remedies unsuccessfully against the sureties of said Lott on said $100,000 bond. 8. Because it shows that complainant has released two alleged co-sureties of the defendant, and, notwithstanding such release, said complainant does not offer to release this defendant to the extent said released sureties would have been liable to contribute to this defendant. 9. Because it shows that complainant, without defendant's consent, has released two alleged co-sureties of this defendant, and that, notwithstanding said release, the complainant does not offer to credit this defendant with the full amount said released sureties are legally and equitably bound for.

On the submission of the cause upon the demurrers, the chancellor rendered a decree overruling said demurrers. From this decree the defendants appeal, and assign the rendition thereof as error.

FRED'K G. BROMBERG, for appellant.—The bill nowhere alleged that Lott converted any monies of the county subsequent to the date of the alleged bond of appellant, April 10, 1897.

If, as a matter of fact, the monies, in the payment of which Lott was in default to the county on July 1, 1897, had been collected by him before April 10, 1897, and should have been paid over by him to the county before said date, in accordance with the law, but instead had been converted by him to his own use, before said date, then this appellant would not have been liable upon the bond signed by him, conceding that the bond had been duly accepted and was in force.—*Randolph v. Billing*, 115 Ala. 682; *McPhillips v. McGrath*, 117 Ala. 549; 1 Brandt Sur. & Guar. (1st ed.), §§ 464, 466, 468; 2 Brandt Sur. & Guar. (2d ed.), §§ 526, 527, 528.

BESTOR, GRAY & BESTOR, *contra.*—Contributions can be had from a deceased co-surety although the breach occurred after the death of the co-surety.—7 Am. & Eng. Ency. of Law (2d ed.), u. 332 and note; 1 Brandt on Suretyship, § 284.

Where there are several bonds with different pen-

alties, contribution between the co-sureties is in proportion to the respective penalties.—7 Am. & Eng. Ency. of Law (2d ed.), p. 342; 1 Brandt on Suretyship, § 288; Code of Alabama, § 3118.

Equity has jurisdiction of a bill for contribution notwithstanding there may be a remedy at law.—*Handley v. Heflin,* 84 Ala. 600; *Werborn v. Kahn,* 93 Ala. 201; *Stallworth v. Preslett,* 34 Ala. 505.

Bringing suit is a presentation of claim against a decedent's estate.—*Hunley v. Shuford,* 11 Ala. 203.

Statute of non-claims does not begin to run against a surety seeking contribution until he has paid the debt. *Evans v. Evans,* 16 Ala. 465.

TYSON, J.—The bill in this cause was filed by a surety upon one of a series of bonds executed by E. B. Lott as tax-collector of Mobile county, against certain of the sureties upon other bonds for contribution. It appears from the bill as amended that on the 22d day of August, 1896, Lott executed a bond as tax-collector of Mobile county in the penalty of one hundred thousand dollars, with certain of the respondents as sureties thereon; that this bond was approved by the judge of probate and Lott entered upon the duties of the office as such tax-collector, and continued therein until the 15th day of September, 1897, when he resigned his office. It further appears that in 1896, in compliance with the recommendations of the grand jury of Mobile county, Lott was required to give additional security in the sum of fifty thousand dollars as such tax-collector, and on the 14th day of January, 1897, he gave bond in said sum with sureties which was approved by the judge of probate. It also further appears that upon the application of one of the sureties upon the last mentioned bond for his discharge as surety "notice was issued to Lott ordering him to file a new additional bond as said tax-collector of Mobile county on or before March 31st, 1897. That in compliance therewith said Lott as such tax-collector" gave four bonds with different sureties aggregating in amount fifty thousand dollars, which were taken and approved by the judge of probate of said

county on the 10th day of April, 1897. The bill as amended further avers "that said Lott continued to act under said bonds as such tax-collector and that the sureties upon said bonds were not thereafter in any manner discharged as sureties upon said bonds." On the 15th day of June, 1897, the complainant in the bill became sole surety upon another bond of Lott as tax-collector. It is also further averred that Lott as tax-collector on the 1st day of July, 1897, defaulted in failing to pay over to the county of Mobile as required by law the sum of $12,309.54, the amount of the taxes which he had collected for the county which he failed to pay over, and that there was in force at the time of such default the six bonds above stated aggregating two hundred thousand dollars. It is further averred that the county of Mobile brought suit against the complainant as surety of said Lott on the 27th day of September, 1897, for the sum of $23,062.51, claiming said sum to be the amount which Lott as tax-collector should have accounted for and paid over to the said county of Mobile on the 1st day of July, 1897; that it became necessary for complainant to defend said suit and by reason of such defense said amount so claimed was reduced to $13,797.69, for which the county obtained judgment against the complainant together with the costs of court; that complainant appealed and the judgment was thereafter affirmed for the above amount with interest, damages and costs amounting to $16,547.47, which complainant paid to the clerk of the circuit court of Mobile county on the 20th day of February, 1900. It is further averred that complainant paid in addition the sum of $76.10 costs of said appeal amounting in the aggregate to $16,623.57. The bill also avers that defenses were interposed by the complainant in the suit against it by the county, that went to its entire claim, and the adverse ruling upon one of the defenses, stated in the bill, was the ground of appeal to this court.

The prayer of the bill is that the defendants, sureties upon the other bonds given by Lott as tax-collector, be required to contribute to the payment of the amount paid by complainant for his default, inclusive of costs of court and damages upon appeal, in proportion to the penalties of their respective bonds.

The bill as amended was demurred to, and the demurrers being overruled, this appeal is prosecuted to review that decree. The only demurrer insisted upon in argument here was interposed by Carter, one of the sureties upon one of the four bonds given on the 10th day of April, 1897, the penalty of which is $25,000. It is insisted by this demurrer, consisting of many grounds, that the bill is defective in failing to allege that tax-collector, Lott, converted money of the county subsequent to the 10th day of April, 1897, the date of the execution of demurrant's bond. The averment in the bill, in this respect, to repeat, is that "said Lott as tax-collector on the 1st day of July, 1897, defaulted in failing to pay over to the county of Mobile as required by law the sum of $12,309.54," etc. Proof of this fact we held in the *Fidelity and Deposit Co. v. Mobile Co.*, (124 Ala. 146), was sufficient to authorize a judgment in favor of the county against the surety upon the tax-collector's bond, and that the claim by the surety that the default had in fact occurred prior to the execution of the bond was, if sufficient excuse, defensive matter. The allegation of the default of the principal alleged in the bill would have been sufficient if appellant had been sued by the county, and no good reason can be given why it should not be sufficient when sued by a surety, who has paid such default, for contribution. If the default of the principal occurred prior to the execution of the bond by appellant, that is matter of defense for him to invoke.

It is next insisted that the right to contribution is limited to the actual default of the principal and should not and cannot embrace the costs of the suit against the surety in which such default was established. It is doubtless true that when the defense of a suit by the creditor against a surety was needless or frivolous the costs of such suit cannot be included in the claim of the surety for contribution. He cannot, of course, claim for the consequences of his own wrong. Such was the case of *Jones v. Jones*, 16 Ala. 545, relied upon by appellant. The surety there was secured by a deed of trust to which he could have resorted for the payment

of the principal's default. It was needless for him to have suffered suit, having funds in his own hands out of which he could have discharged the debt. While authorities are cited and expressions used in the opinion of the court in that case indicating that the surety can never claim contribution as to the costs and damages of a suit against him by the creditor, the decision to this extent was unnecessary and the reasons given therefor are not sound. It was said that the surety has the right to stand upon the terms of his contract which is limited to the payment of the principal's default, and that it was the duty of the surety to pay the debt, if just, when demanded by the creditor. It has been repeatedly held that the right to contribution does not depend on contract. "It is a principle of equity, having its foundation in natural justice, that when one discharges more than his just portion of a common burden another who has received the benefit ought to refund to him a ratable proportion."—*Owen v. McGehee*, 61 Ala. 440. And while it was the duty of the surety to pay the debt, if just, when demanded by the creditor, the duty rested equally upon the co-surety who was not sued. While it is true a surety is not bound to await the bringing of suit by the creditor in order to entitle him to contribution, we know of no rule which compels him to accept the amount claimed by the creditor as just and correct, nor of any rule which makes his determination of its validity or amount conclusive upon his co-surety. If the creditor having a claim against several sureties may select the one he wishes to sue, and the one sued is limited in his right of contribution to the actual default of the principal exclusive of the costs of suit, he can by his selection, to the extent of the costs of the suit, make a victim of the surety sued and thus make the common burden personal oppression. We think the true rule is that where the surety obtains any advantage from the suit, or where, although the resistence of the suit was unsuccessful, there was reasonable grounds of defense, if he acted as a prudent man would, in the light of facts and circumstances showing a probability of success in whole or in part, the surety sued should be entitled to include the costs and damages

of the suit in his claim for contribution against his co-sureties. His co-sureties ought not and cannot complain, for the burden of paying the debt rested equally upon them and they could have prevented suit or even stopped it after its commencement by paying the demand of the creditor. The extra liability for the costs and damages of suit, not frivolously nor needlessly defended, should not be imposed upon one of several equally bound at the caprice of the common creditor, any more than the payment of the debt itself. Particularly is this true where, as in the case in hand, the amount of the common liability is not necessarily the amount named in the bond, or instrument, but must have been ascertained by matter extraneous thereto.—3 Am. & Eng. Dec. in Equity, 171; 7 Am. & Eng. Ency. Law (2d ed.), 344; 1 Brandt on Suretyship, § 283. According to the averments of the bill, in consequence of the defense of the suit by complainant, the demand of the common creditor was reduced in the lower court from $23,062.51 to $13,797.69. The defense of the suit, therefore, was not only reasonable but was a manifest advantage to the other sureties, and we are not prepared to hold that the prosecution of the appeal to this court was unreasonable.

The contention that the bond upon which appellant, Carter, was surety was not a statutory bond is without merit. The bill clearly avers that Lott, as tax-collector, was required under the statutes to give the bond and that it was acted under by him. Therefore, although it may be subject to objection as to penalty, time of approval, etc., its stands by virtue of the statute in the place of the official bond, subject to all the remedies of a bond executed, approved and filed according to law (Code, 1896, § 3089; Code, 1886, § 275), including those conferred by sections 300 and 286 of Code of 1886 (§§ 3132 and 3118 of Code of 1896) upon sureties among themselves.

Nor is the objection to the dismissal of the bill as to two of the sureties who paid to complainant their proportion of the debt well taken. The liability of appellant, Carter, was not thereby increased.

[Lagomarsino v. Crowe *et al.*]

We have considered the objections raised by the de-
murrer to the bill which have been argued, and we find
no error in the decree.

Affirmed.