# Bromberg, Exec. *v.* Fidelity & Deposit Company.

*Bill in Equity by Surety for Contribution from Other Surety.*

1. *Bond of tax collector; when surety can not question sufficiency of notice for new bond.*—Even though a notice issued by a probate judge to a tax collector, requiring him to give an additional bond was insufficient, and not such as the statute required, yet, if the tax collector, without objecting to such notice, comes forward and gives the additional bond as directed by said notice and acts under said bond, the surety on said bond can not be heard to subsequently object to the insufficiency of the notice.

2. *Same; surety can not defend upon the ground of fraudulent misrepresentation.*—A surety on the official bond of a tax collector can not, when sued upon said bond, defend upon the ground that he was induced to sign the bond by the fraudulent misrepresentation of the principal.

3. *Same; fact that bond was rejected or refused by State Auditor no defense to surety.*—Where, after the execution and approval of the official bond of a tax collector, one of the duplicates of such bond is deposited in the office of the Auditor of the State, as required by statute, (Code, § 3994), the fact that the Auditor refused to accept said bond does not render the bond null and void, and furnishes no defense to the sureties when sued upon said bond; the statute not authorizing the Auditor to reject or refuse to accept it, but simply providing that one of the duplicates should be filed in the office of the Auditor.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOMAS H. SMITH.

The bill in this case was filed by the appellee against Cecil Carter, to compel contribution. The facts averred in the bill are sufficiently shown in the opinion.

The defendant pleaded nine pleas. The sufficiency of said pleas was questioned by the complainant. The

chancellor held that the 5th plea, as amended, and the 7th plea presented a good defense to the bill; and, therefore, it is unnecessary to set out these pleas.

In the first plea there is set out *in extenso* the proceedings of the probate judge, including the notice given, which led up to the execution of the bonds; and it is then averred by the respondent that the bonds described in the bill of complaint were given by said Lott in compliance with the orders of the probate judge, and not otherwise, and that the respondent signed said bond as shown thereon, without any consideration whatever received by him from any person whatsoever, and that the respondent says that the auditor of the State refused to accept said bond, and that said bond, as to him, was null and void and of no effect. The substance of the 2d, 3d and 4th pleas are set forth in the opinion. The 6th plea was in words and figures as follows: "6. For a further plea to the bill of complaint, respondent says that he signed the bond described in the bill of complaint, annexed thereto as exhibit 'F,' as surety, without receiving any consideration therefor from any party thereto, or interested therein, or beneficiary thereunder; and that he was induced to sign said bond by the fraudulent representation of said respondent Lott, that he would have an indemnifying bond made in a good security company, to protect this respondent in case he signed said bond, and in such indemnifying bond this respondent would be named as one of the beneficiaries; and respondent says that relying upon said false representations of said E. B. Lott, he signed the bond. Respondent says that the respondent Lott did not have any such indemnifying bond made, as alleged by him, either at the time respondent signed said bond, or at any time since, and that said allegation was wholly false, and made in order to induce this respondent to sign said bond and without such representations this respondent, would not have signed said bond. He says therefore, that said bond is null and void, as to him."

The 8th and 9th pleas were in words and figures as follows: "8. For further plea to the bill of complaint, respondent says that he signed the bond described in the

bill of complaint, and annexed thereto an exhibit 'F,' as surety, without receiving any consideration therefor from any party thereto, or interested therein, or beneficiary thereunder, and that he was induced to sign said bond by the fraudulent representations of said respondent Lott, that he had an indemnifying bond in a good security company which would fully protect this respondent if he signed said bond as such party; and this respondent says that relying on said false representations, he signed said bond, and entrusted the same to said respondent Lott, with authority to deliver it only if said indemnifying bond had been executed. Respondent says that the respondent Lott did not have any such indemnity bond, as alleged by him, at the time this respondent signed said bond, and has not since procured such indemnifying bond, and says that said bond as to him is null and void, and of no effect.

"9. For further plea to the bill of complaint, respondent says that he signed the bond described in the bill of complaint, annexed thereto as exhibit 'F,' as surety, without receiving any consideration therefor from any party thereto, or interested therein, or beneficiary thereunder; and that he was induced to sign said bond by the fraudulent representation of said respondent Lott, that he would have an indemnifying bond made in a good security company, to protect this respondent in case he signed said bond, and in such indemnifying bond this respondent would be named as one of the beneficiaries; and respondent says that relying upon said false representations of the said E. B. Lott, he signed the said bond, and entrusted the same to said respondent Lott, with authority to deliver it only when said Lott should have had said indemnifying bond made, in which this respondent should be named as one of the beneficiaries. Respondent says that the respondent Lott did not have any such indemnifying bond made, as alleged by him, either at the time respondent signed said bond, or at any time since, and that said allegation was wholly false, and made in order to induce this respondent to sign said bond, and without such representations this re-

spondent would not have signed said bond. 'He says, therefore, that said bond is null and void, as to him."

The cause was submitted to the chancellor upon the sufficiency of the pleas, and the chancellor decreed that the fifth plea as amended and the 7th pleas presented a sufficient defense to the suit by the complainant against Carter, and that all the other pleas did not present a sufficient defense, and were, therefore, overruled and not allowed. From this decree the respondent Carter appeals, and assigns as error that portion of the decree holding that pleas 1, 2, 3, 4, 6, 8 and 9 did not present a sufficient defense.

After appeal to this court, the death of Cecil Carter being suggested, the cause was revived in the name of Frederick G. Bromberg, as executor of the will of Cecil Carter, deceased.

FRED'K G. BROMBERG, for appellant.—The additional bond required of Lott, as tax collector, by the grand jury of Mobile county, was required to be filed in the office of the auditor as well as in the office of the probate judge.—Code, 1886, §§ 280, 283. The duplicate bond required to be filed in the office of the State Auditor is an original bond.—10 Amer. & Eng. Encyc. of Law, (2d ed.) 318, note 4. The bond upon which appellant Carter is sued is not in the penalty required by the statute; is not a statutory bond, but is only a common law bond. *Sproul v. Lawrence*, 33 Ala. 674.

The second plea shows that the appellant received no consideration for signing the bond, and was induced to sign it by fraudulent representations of respondent, Lott, that he had an indemnifying bond in a good security company, which would fully protect this appellant. Lott did not have and did not afterwards procure an indemnifying bond. The rule is that such a bond is void. The law applicable to appellant's bond is laid down in the following authorities:—*Guild v. Thomas*, 54 Ala. 414; *Sharp v. Allgood*, 100 Ala. 183; *Southern Cotton Oil Co. v. Bass*, 126 Ala. 343; *White v. Saxon*, 121 Ala. 399; Brandt Sur. & Guar., § 352.

The law is that a common law bond, such as this ap-

pellant's, must be supported by a valuable considera-
tion, and must be delivered.—*Jenkins v. Lockhart*, 66
Ala. 381; *Counts v. Harlan*, 78.Ala. 554. There was no
consideration received by appellant. There was no de-
livery of the bond because the State Auditor would not
accept it, as was his duty to do had the bond not been
invalid.—Code, 1886, §§ 260, 526; *White v. Saxon*, 121
Ala. 399; 4 Amer. & Eng. Encyc. of Law, (2d ed.), 631.

The appellant Carter signed the bond as surety, upon
the condition that Lott either had an indemnifying
bond, indemnifying him, already executed, or that he
would have such a bond made, indemnifying him, in
which bond he, the appellant, Carter, should be named
as one of the beneficiaries; and Lott never complied with
this condition, and therefore never had the right to de-
liver the bond to the probate judge.—Brandt on Sur. &
Guar., § 352; *Southern Cotton Oil Co. v. Bass*, 126 Ala.
343; *Sharpe v. Allgood*, 100 Ala. 183; *White v. Saxon*,
121 Ala. 399; *Guild v. Thomas*, 54 Ala. 414.

BESTOR, GRAY & BESTOR, *contra*.—The bill avers that
Lott continued to act as tax collector under said bonds
of April 10, 1897, upon which Carter was one of the
sureties. While it is true that the judge of probate did
not issue the proper notice to Lott, and therefore Lott
could have disregarded such notice and declined to give
the additional bond, yet when he appeared and gave the
bond we contend that it does not lie in one of the sure-
ties' mouth to question the validity of such bond, espec-
ially where, as alleged in the bill, the principal acted
under the bond.— *Burnett v. Nesmith*, 62 Ala. 261; *Bru-
ner v. Bryan*, 50 Ala. 522.

The second plea avers in substance that the bond was
executed by appellant as surety without receiving any
consideration therefor, and that he was induced to sign
the bond by the fraudulent representations of said Lott.
A surety cannot defend when sued upon a bond upon
the ground of fraudulent representations made to him
by the principal.—*Page v. Krekey*, 21 Lawyers Rep.

Anno., 409, and the numerous authorities cited in the note.

DOWDELL, J.—This is a case of a bill filed by one as surety to compel contribution from other sureties. The respondent, appellant here, Cecil Carter, filed nine pleas to the bill as amended. A hearing was had upon the sufficiency of these pleas, and a decree was rendered by the chancellor decreeing the fifth plea as amended and the seventh plea presented a good defense to the bill, and overruling the other pleas as being insufficient. From this decree, Carter, the respondent, prosecutes this appeal.

The facts stated in the bill as amended, show that one E. B. Lott was elected tax collector of Mobile county, in August, 1896, and gave bond in the penal sum of $100,-000 for the faithful discharge of his duties as such tax collector. At the November term, 1896, of the city court of Mobile county, the grand jury recommended that he give an additional bond in the sum of $50,000, which he gave on January the 14th, 1897, with C. Burke and others as sureties. Burke subsequently filed an application in the probate court of Mobile county under section 3124 of the Code to be released as a surety on said last mentioned bond. Upon the filing of this application, the probate judge issued notice to Lott requiring him to give an additional bond in the sum of $50,000. In compliance with such notice Lott, on April 10th, 1897, gave four bonds aggregating $50,000 to take the place of the bond upon which Burke and others were sureties, and which said four bonds were approved by the probate judge. Cecil Carter, the appellant, was one of the sureties on one of the bonds of April 10, 1897. On June 22, 1897, Lott gave another bond in the sum of $50,000 with the Fidelity and Deposit Company of Maryland, the appellee here, as the surety. Lott became a defaulter to the county of Mobile; and the county brought suit against the appellee and recovered a judgment on the 4th day of January, 1899, for the sum of $13,797.69 together with costs, which judgment was affirmed on ap-

peal to this court.—(124 Ala. 144.). This judgment, together with interest, damages and costs was paid by the appellee, whereupon the present suit was brought by the appellant, Cecil Carter, and other sureties of Lott seeking contribution. It is alleged in the bill that Lott continued in the discharge of the duties of his office as tax collector under the bond on which the appellant was a surety, and that said bond was of force up to and at the time of said Lott's default.

On the former appeal in this case, taken from the decree of the chancellor on the demurrer to the bill, (*Carter v. Fidelity & Deposit Co., 134 Ala. 369*), it was then held that the bond on which the appellant was a surety, was a statutory bond, and we see no reason now to depart from that decision.

If it be conceded that the notice issued by the probate judge to Lott was not such as the statute required, and one that Lott might have disregarded, yet when he came forward and gave the additional bond in pursuance of the recommendation of the grand jury, and acted under such bond, it does not lie in the mouth of a surety to object to the insufficiency of the notice issued by the probate judge after the principal has defaulted. There is no reason why Lott might not have waived the issuance by the probate judge of the required statutory notice— and certainly he could waive any defect in the form of the required notice—and this he did, and gave the bond in question and acted under it.—*Burnett v. Nesmith*, 62 Ala. 261. This disposes of the first plea.

The substance of the second is, that the bond was executed by appellant as surety without receiving any consideration therefor, and that he was induced to sign the bond by the fraudulent representations of the principal in the bond, the said Lott, that he had an indemnifying bond in a good security company which would fully protect appellant Carter, if he, Carter, signed the bond as a surety, and that these representations were false. It seems to be a well settled principle that the surety can not defend when sued upon a bond upon the ground of fraudulent representations made to him by the princi-

pal.—*Page v. Krekey*, (N. Y.) 21 Law Rep. An. 409, and the authorities cited in the notes. This is in harmony with the spirit of our statute, (§ 3090 of the Code), which is as follows: "A surety on an official bond, or on a bond intended as an official bond, cannot avoid liability thereon, on the ground that he signed or delivered it on condition that it should not be delivered to the proper officer, or should not become perfect, unless it was executed by some other person who does not execute it. The provisions of this section apply to bonds of State, county, municipal and corporate officers; to bonds of executors, administrators, guardians, receivers, assignees and other trustees, and to all bonds and undertaking executed in the commencement or progress of any suit or judicial proceeding, civil or criminal." The manifest purpose and intention of this statute is to take away from sureties when sued on an official bond the defense that they had conditionally executed and delivered the bond. The statute should be liberally construed.

The third plea in substance is, that the bond is without consideration, that it was not executed under any requirement of law; that the Auditor of the State refused to accept it, and, therefore, said bond as to him, appellant, is null and void, and of no effect. The bond was executed under the provisions of Article 7, Chapter 83 of the Code. Section 3994 of the Code requires that the bond of a tax collector shall be executed in duplicate and approved by the judge of probate. "One of such duplicates shall be filed and recorded in the office of the judge of probate and the other shall be filed in the office of the Auditor." The statute does not authorize the auditor to reject or refuse to accept a bond of a tax collector which has been approved by the judge of probate. It simply provides that after the bond has been executed in duplicate and approved by the judge of probate, "one of the duplicates shall be filed in the office of the Auditor."

The fourth plea, after averring in substance that the Carter bond is not a statutory bond, and that the bond was not received, but was rejected by the auditor, states

the proceedings had, which led up to and resulted in the giving of the bond of $50,000 by Lott with the Fidelity & Deposit Company, as a surety, and then attempts to set up an estoppel, but wholly fails to show any matter in estoppel.

The sixth, eighth and ninth pleas are sufficiently covered by what we have said above in reference to other pleas. Our conclusion is that the chancellor committed no error in the decree appealed from.

Affirmed.