## CUMMINS v. LINE.

No. 3660.    Opinion Filed October 13, 1914.

(143 Pac. 672.)

**PRINCIPAL AND SURETY**—Contribution Between Sureties—Defense—Bills and Notes.  Where a negotiable note passes from the payee to a holder in due course, and such note, after maturity, is paid by a surety, a failure of consideration between the maker and the payee is not available as a defense in an action for contribution by a surety against his cosurety.

(Syllabus by the Court.)

*Error from County Court, Caddo County;*
*C. Ross Hume, Judge.*

Action by C. L. Cummins against Sherman Line.  Judgment for defendant, and plaintiff brings error.  Reversed and remanded for new trial.

*H. W. Morgan,* for plaintiff in error.

*A. J. Morris,* for defendant in error.

LOOFBOURROW, J.  The pleadings and evidence in this case show that one G. W. Statton held a lease on certain Caddo Indian lands in Caddo county; that he attempted to assign such lease to one H. B. Siens; that as a consideration for such transfer Siens executed a negotiable promissory note, payable to G. W. Statton, in the sum of $300; that the plaintiff, Cummins, and defendant, Line, signed said note as sureties; that the note was transferred in due course to the Oklahoma State Bank of Chickasha; that some six or eight months after the execution and delivery of the note plaintiff, Cummins, learned that the lease could not be legally transferred because the same required the approval of the Secretary of the Interior, which approval was refused; that the note became due and the plaintiff paid the same to the Oklahoma State Bank of Chickasha.  Thereafter plaintiff commenced this action for contribution against Sherman Line, defendant, as cosurety.  The case was originally filed in the justice

court, judgment rendered, and an appeal had to the county court of Caddo county, wherein a jury was impaneled, plaintiff offered his testimony and the court sustained a demurrer thereto, and directed a verdict in favor of the defendant. From this action of the court the plaintiff appealed.

The defendant, in his answer, admitted the execution of the note, but alleged that the consideration for the same was the transfer of an Indian allotment without the consent of the Secretary of the Interior, and for that reason the note was invalid and without legal consideration. The plaintiff sought to meet this answer by amending his bill of particulars, and alleging that after the note was executed and delivered, and after they discovered that the lease could not be transferred, the defendant promised at different times to pay his share of the note as a cosurety.

That a surety who pays a note is subrogated to all the rights of the holder of the note cannot be questioned. See *McClure v. Johnson*, 10 Okla. 663, 65 Pac. 103, and the same on rehearing and authorities therein cited. *Strickler v. Gitchel*, 14 Okla. 523, 78 Pac. 94. The holder of the note, the Oklahoma State Bank, having acquired the same before maturity, in due course, a failure of consideration was not available as a defense against such holder, and Cummins, the surety, being subrogated to all of the rights of the holder, such defense is not available as against him. The note was not void. The inability of Statton to make a valid lease of the allotment simply resulted in a failure of consideration.

"No question of consideration is involved in the contest between cosureties, for they enter into the undertaking without reference, as between themselves, to the consideration paid their principal. If his contract was entirely without consideration, the relative rights of these parties would be the same, and on payment by one, the right of contribution is carried into existence. Each has impliedly agreed with the other "to protect him to the extent of the joint undertaking against the consequences arising out of the failure of the principal." (1 Brandt on Suretyship, par. 308; *Cave v. Burns*, 6 Ala. 780; *Faurot v.*

*Gates,* 86 Wis. 569, 57 N. W. 294; *Fletcher v. Jackson,* 23 Vt. 581, 56 Am. Dec. 98.)

The allegations of the plaintiff's amended bill of particulars, relating to any promise of his cosurety to pay his proportion of the note, is surplusage and does not state a cause of action. The right of action of a surety against a cosurety rests upon the contract of suretyship and not upon a promise, express or implied, between the sureties. The execution and delivery of the note was admitted. That the Oklahoma State Bank of Chickasha was a holder in due course, and that the plaintiff, as surety, paid the note and the liability of the defendant cosurety are sufficiently pleaded, and the proof amply supported such allegations. It was therefore error for the trial court to direct a verdict for the defendant.

The judgment of the trial court is therefore reversed, and the cause remanded for a new trial.

All the Justices concur.