**VOGEL BROS. & CO. v. BASTIN et al.**

No. 10375—Opinion Filed Dec. 20, 1921.

Rehearing Denied Jan. 24, 1922.

(Syllabus.)

1. **Principal and Surety — Bond to Secure Purchase Price of Goods—Liability of Sureties—Consideration.**

It is not necessary to bind sureties on a bond guaranteeing payment of the purchase price of goods bought by the principal obligor on said bond from the obligee that the sureties receive any direct consideration. The sale of goods by the obligee to the principal obligor on credit by reason of the guarantee of the sureties is sufficient to bind the sureties.

2. **Same — Changing Terms of Bond—Release of Sureties.**

A bond guaranteeing payment of the purchase price of goods bought by principal obligor from obligee and which contains the following provision: "Whereas, the above bonden, Joe Bastin, is about to buy goods from the said Athletic Tea Co., by reason of which business connection the latter will furnish the former with merchandise with the understanding, that the payment of such merchandise must be made, less discount agreed upon, to the Athletic Tea Co., within twenty days from date of shipment," is not altered or changed in the sense that the sureties thereon will be relieved from liability by reason of a failure of the obligee to demand and enforce payment within twenty days from shipment of goods. This provision is for the benefit of the obligee, and he may, at his option, make it a time of maturing the debt, whereupon it becomes an obligation of the bond binding sureties as well as principal.

3. **Bonds— Sales— Action on Bond to Secure Purchase Price of Goods— Measure of Recovery.**

Where an obligee in a bond such as is described in the preceding syllabus sues the obligor and sureties on a bond for a claim for goods sold, the basis of the suit is not the bond, but the right of the obligee to recover under the contract of sale subject to whatever defenses are properly pleaded and proved by the principal obligor, and the measure of recovery under the bond is that which is recovered under the contract of sale.

**4. Appeal and Error — Review—Questions of Fact— Verdict.**

In a suit to recover the purchase price of goods, where counterclaim is pleaded and evidence introduced in support thereof, and the question is submitted to the jury under instructions not excepted to, and the jury returns a verdict which is reasonably supported by the evidence, such verdict and judgment thereon will not be disturbed upon appeal to this court.

**5. Evidence— Writings— Offered Compromises.**

Where error is assigned in this court based upon refusal of a trial court to permit the introduction of a writing which upon its face is a specific acknowledgment of debt for a certain sum, but which writing, the record shows both parties treated as not binding upon either, and is not relied upon as a basis of recovery by the plaintiff nor as a limitation of liability by the defendant, but appears to have been executed by the defendant as an offer of compromise in a disputed claim, and the trial court refused to allow its introduction for that reason, such a rejection will not be held as error.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Vogel Bros. & Company against Joe Bastin, Dave Daube. and J. H. Akers for purchase price of goods secured by bond. From judgment in favor of plaintiff against Joe Bastin and in favor of Dave Daube and J. H. Akers, sureties, plaintiff appeals. Affirmed as to judgment against Joe Bastin and reversed and remanded as to judgment in favor of Dave Daube and J. H. Akers.

E. D. Slough, for plaintiff in error.

J. C. Thompson, for defendants in error, Dave Daube and J. H. Akers.

ELTING, J. On September 21, 1916, Vogel Bros. & Company, plaintiff in error, filed a petition in the district court of Carter county, Okla., against the defendants in error, asking for the recovery of $340.29 as the balance due on account for goods, wares and merchandise sold and delivered to John Bastin, the principal defendant below and one of the defendants in error herein.

The other two defendants in error, Dave Daube and J. H. Akers, were made defendants by reason of having executed a guarantee of payment of the purchase price of goods bought by the principal defendant, Joe Bastin. Said bond or guarantee was in the sum of $500. Said bond was attached to plaintiff's petition as Exhibit "A," and was in words and figures as follows:

"Know All Men By These Presents. That I, Joe Bastin, J. H. Akers and D. Daube, are firmly bound to Vogel Bros. & Co., of St. Louis, Mo., who are doing business under the style of the Athletic Tea Co., in the sum of five hundred dollars ($500.00) to be paid to Vogel Bros. & Co., or assigns, for which payment well and truly to be made, we bind ourselves, our heirs, executors and administrators by this instrument.

"In Witness Whereof, we have put our hands and seals this the 11th day of March, 1914.

"Whereas, the above bounden. Joe Bastin is about to buy goods from the said Athletic Tea Co., by reason of which business connection the latter will furnish the former with merchandise, with the understanding, that payment of such merchandise must be made less discount agreed upon, to the Athletic Tea Co., within twenty days from the day of shipment.

"Therefore, the condition of the above bond is such that if the said Joe Bastin, his executors or administrators upon request to him or them made, shall pay unto the said Athletic Tea Company, the amount due them, then the above obligation be no effect, otherwise to remain valid and in full force and effect.

"Joe Bastin. J. H. Akers. D. Daube.

"Signed and sealed in the presence of John L. Joiner, Notary. My commission expires March 9, 1918. (Seal.)"

J. H. Akers and Dave Daube, the two sureties on the bond of guarantee, demurred to the petition. The demurrer was overruled, and they filed an answer, which in substance was a general denial. Joe Bastin, the principal defendant, filed an answer to the petition which consisted of a general denial, and then followed by the other allegations which were in the nature of a counterclaim. Demurrer to said answer of Bastin was filed by plaintiff, and the demurrer was confessed and Bastin afterwards filed an amended answer which contained virtually the same allegations as the first answer. The amended answer contained a general denial; then followed allegations of certain items claimed as credits against the claim of the plaintiff which were in effect a counterclaim, but designated as "payment" in said amended answer.

The defendant, Joe Bastin, in his amended answer, did not deny that he had bought and received the goods as alleged in plaintiff's petition, but alleged that he had paid for the same in the following manner; That he had rented a house for storage of said goods and paid the rents thereon for eight months at the rate of $17.50 per month, and that the company had agreed to pay one-half of said

rents. Second. That he had returned goods to the company in the sum of $38 for which he had not received credit. Third. That the company had agreed to furnish him with coupons to deliver to his customers which were redeemable at 20 per cent. of the purchase price of the goods, and that he had been permitted by the plaintiff to sell goods on credit and that he had $187 worth of goods on credit and that he had been unable to collect said accounts because he did not have the coupons to furnish creditors; and he asked to have the $187 offset against the claim of the plaintiff; and his fourth claim was for $68 for unredeemed coupons.

The case went to trial before a jury, and at the close of the evidence Akers and Daube, the two guarantors, moved the court as follows:

"Comes the defendants, J. H. Akers and David Daube, sureties or guarantors on the bond sued on in this case, and move the court to direct the jury to return a verdict in their favor on the following grounds:

"Because all the evidence both for the plaintiff and the defendant shows that these defendants are sureties on the bond sued on and received no benefit and had no interest in the making of the same further than as accommodation to the principal on the bond, Joe Bastin.

"Second.

"Because said bond provides that the plaintiff would furnish the defendant goods, and merchandise as therein specified, and that such goods and merchandise should be paid for by the said Bastin within twenty days from the date of delivery of the same less his commission of 20 per cent.; and all the evidence shows that said provision in the bond was waived by the plaintiff and the principal in said bond, Joe Bastin, was never required to comply with said provision by making payments as said bond provides. And that these sureties, Akers and Daube, were never notified by the plaintiff of the change of terms in said bond and never agreed to any change therein."

The said motion was sustained by the court, and the plaintiff excepted. The plaintiff company requested the two following instructions, which were refused by the court:

"Under paragraph 'C' of the answer of the defendant Joe Bastin it is alleged that by reason of the plaintiff's failure to furnish coupons which was approximately 20 per cent. of the value of the goods that were sold on credit, and having sold $187 worth of goods on credit he was unable to collect same and therefore defendant should be allowed credit for said amount.

"It is requested that the court instruct the jury that the greatest amount that could be allowed as an offset in this paragraph is

20 per cent. of the alleged amount of the credit which is $187.

"Refused. Exception.

"In paragraph 'D' it is alleged that by reason of $86 of coupons not having been furnished the plaintiff was benefited by this amount, and this should be allowed as an offset.

"Plaintiff requests the court to instruct the jury that this cannot be considered as a counterclaim or offset in this matter because the same relief is asked for in paragraph 'C.'

"Refused. Exception."

The court instructed the jury to return a verdict in favor of Akers and Daube. the guarantors or sureties. The jury returned a verdict in favor of the plaintiff against the defendant Joe Bastin in the sum of $83.29, with interest at 6 per cent. from September 2, 1916. The plaintiff in error, plaintiff below, filed a motion for a new trial, and the same was overruled and an appeal filed in this court. The petition in error has the following assignments of error:

"1. Said court erred in overruling the motion of plaintiff in error for a new trial.

"2. Said court erred in excluding evidence offered by the plaintiff in error.

"3. Said court erred in admitting testimony offered by the defendant in error.

"4. Said court erred in sustaining the motion of J. H. Akers and Dave Daube for a peremptory instruction in their favor.

"5. Said court erred in refusing to give to the jury the following instructions: * * *"

The first contention of the plaintiff in error in his brief is that the court erred in sustaining the motion of the defendants Akers and Daube for peremptory instruction. We think that the trial court committed error in instructing a verdict as to the two sureties. This motion was presented upon the contention that by reason of the failure of Vogel Bros. & Company to require the principal, Joe Bastin, to make payments within 20 days from date of sale, this had the effect of discharging sureties; this being based upon the contention that the failure to enforce collection in 20 days changed the terms of the bond and made a new contract, without their consent, and that it had the effect of discharging the sureties. It is difficult to discern the nature of the contention of the sureties set out in the first proposition of their motion for an instructed verdict, unless their contention is that, since no consideration went direct to the sureties for making the bond, they are not bound by the bond. We do

not think there is anything in any of the contentions raised by said motion for an instructed verdict, and that that the court committed error in granting the same. The sureties on this bond are what are called in law "accommodation makers," and it is not necessary that any consideration pass direct to such makers. The advancement of credit to the principal on the bond, to Joe Bastin, by the obligee of the bond is sufficient consideration to bind the sureties on the bond. The nature of the accommodation obligor is defined by section 4079, Rev. Laws 1910. The following is taken from Willoughby v. Ball, 18 Okla. 535, 90 Pac. 1017:

"Accommodation makers cannot defeat recovery on note on the ground that there was no consideration."

Upon the question as to what was the effect upon the contract of suretyship arising by reason of forbearance to enforce the account against Bastin, principal in the bond, we have this to say: There is no denial of the sale, purchase, and delivery of the goods amounting to $1,108.31, on which there had been a credit of $768.02, leaving a balance due of $340.29, the amount sued for by the plaintiff company. These amounts are not denied, except the amount of the debt now due, and the bond is a straight-out guarantee that the principal would pay the obligee the debt due the obligee. The fact that the plaintiff company did not seek to enforce payment within the 20 day term would not have the effect of changing or altering the contract of the sureties.

Section 988, Rev. Laws 1910, reads as follows:

"A contract in writing may be altered by a contract in writing or by an executed oral agreement and not otherwise."

There is no evidence in the record showing any change in the terms of the contract by any specific agreement between the principal obligor and the obligee. The mere forbearance on the part of the obligee in the bond would not of itself constitute a change of the terms of the obligation of the contract of suretyship such as would have the effect of exonerating the surety. Paragraph 67, vol. 21, R. C. L. 1020, reads as follows:

"To make an extension of time to a debtor have the effect of exonerating the surety, it is not merely necessary that there should be an agreement which varies the original contract by postponing the time for its performance beyond that fixed originally by the terms of the obligation, but the transaction must involve all the essentials of a binding contract—one that the debtor may enforce against the creditor, either as a cause of action or as a defense effectually tying the hands of the creditor as regards enforcing payment of the debt until the expiration of the agreed time. There must, therefore, be a reasonable, definite time agreed on, and, unless the agreement is under seal, an agreed equivalent rendered for the extension, and that equivalent must be a real consideration."

Paragraph 81 of the same volume and authority, page 1034, reads as follows:

"A defense on the ground of mere laches is, it seems, inconsistent with the relation of the parties. The obligation of a surety is not conditional, but absolute. His undertaking to pay is not in the event of the inability or unwillingness of the principal, but at all events, and under all circumstances, as much as if he were himself the sole debtor. Such is the form of his obligation (unless specially qualified) whether separate or joint, and such its true intent and meaning; and it is founded on a lawful and sufficient consideration, the credit given to the principal by his procurement. Since, then, it is the duty of the surety, as well as the principal, to see to the payment of the money, the mere forbearance of the creditor to sue or to call on the principal for payment may be beneficial to both parties, and in truth it is regarded as a tacit indulgence given to both, in which the acquiescence of the one is equally significant with that of the other, it being held to be a fair presumption that an indulgence given from mere motives of benevolence, without consideration or prospect of advantage to the creditor, is intended for the benefit of the surety as well as of the principal, and is founded on his presumed assent."

To the same effect are Linton v. Chestnut-Gibbons Grocery Co., 30 Okla. 103, 118 Pac. 385, and Palmer v. Noe, 48 Okla. 450, 150 Pac. 462.

The second error assigned by the plaintiff in error is that the court erred in excluding evidence offered on the part of the plaintiff. This evidence offered by the plaintiff consisted of a written acknowledgment of Joe Bastin, principal in the bond, of an indebtedness to the plaintiff company of $200. The court excluded introduction of this written acknowledgment, to which the plaintiff's attorney excepted. The trial court excluded this writing on the ground that it constituted an offer of compromise. In this we think the court was correct. While it appears upon its face to be an unqualified acknowledgment of indebtedness, the same seems to be abandoned by both the plaintiff and the defendant. It appears from the evidence that there was a controversy between the plaintiff and Joe Bastin, the

defendant, as to the amount of his indebtedness. The only theory upon which the writing could be introduced at all, since neither party is relying upon the same, would be upon the theory of an admission of liability upon the part of Joe Bastin. It would not be proof, under the state of the pleadings and the attitude of both parties to this action, of an exact amount of his debt. The plaintiff contends that Bastin was indebted to it for more than the amount acknowledged in the writing, while Bastin denies any indebtedness at all. Neither recognizes the writing as being of any binding force, therefore it could not amount to anything more than an offer of compromise; while upon its face it purports to be an acknowledgment of a certain debt, yet when viewed in the light of the developed facts, it amounted to nothing more than an offer of compromise. As such it was not admissible.

The next error argued by the plaintiff in error was that the court erred in admitting the evidence offered by the defendant Joe Bastin in support of his counterclaim and defenses as to the claim of the plaintiff company. This contention of the plaintiff in error is based upon the contention that to let in the proofs of this counterclaim would be in effect an attempt to vary the terms of the written bond by parol proofs, and that the bond is a straight-out obligation, as the plaintiff contends, to pay the purchase price of the goods. In this we think that the plaintiff misconceives the basis of his action against Joe Bastin, the principal obligor on the bond. The right of recovery against Joe Bastin by the plaintiff is not based upon the bond. The suit of the plaintiff against Joe Bastin is based upon an account for goods sold and delivered, and the recovery upon the bond is contingent upon the recovery upon the original claim, the account, and the recovery upon the account being subject to the defenses and counterclaims that the defendant Joe Bastin has pleaded and sought to sustain as a defense. The counterclaim of Joe Bastin was pleaded and the evidence was introduced in support of the plea of the defendant Joe Bastin. There was a conflict in the evidence, and the question at issue as to said counterclaim was submitted to the jury under what appears to be proper instructions by the court. None of said instructions appear to have been excepted to, except the instruction as to an instructed verdict in favor of the two sureties on the bond, Dave Daube and J. H. Akers, and which instruction we held to be error.

This holding as to the general instructions also disposes of the alleged error of the trial court in refusing to give the two specially requested instructions by the plaintiff in error and against the plaintiff in error.

The other instructions not being excepted to and showing no fundamental error, they will be held to be binding upon the defendant.

We find the verdict of the jury to be reasonably sustained by the evidence as to Joe Bastin, and the same will not be reversed.

Joe Bastin has not filed a brief in this case and has shown no reason for such failure. Under the rule laid down by this court, it would be our duty if we found the contentions of the plaintiff in error in his brief to be reasonably sustained, to reverse the case for a new trial, but we do not find the contentions of the plaintiff in error in his brief to be reasonably sustained, and we, therefore, will affirm the judgment of the court as to Joe Bastin.

The judgment of the court as to the two sureties on the bond, Dave Daube and J. H. Akers, is reversed and remanded for further proceedings not inconsistent with the holdings herein.

HARRISON, C. J., PITCHFORD, V. C. J., and McNEILL and NICHOLSON, JJ., concur.