### HARRIS v. PATTERSON et al.

No. 19292. Opinion Filed Sept. 10, 1929.

Barritt Galloway, for plaintiff in error.

Horton & Gill and Andrews & Aston, for defendants in error.

RILEY, J. The trial court sustained a plea to the jurisdiction of the court and dismissed this cause of action, which arose on a promissory note in the sum of $2,750, dated May 13, 1922, and bearing interest at ten per cent. On the face of the instrument G. W. Henry, John B. Patterson, and J. D. O'Daniel appear as makers. On the back of same appear the names of W. C. Flynn and 14 others. Flynn lived in Beckham county, where the suit was instituted. Henry, Patterson, and O'Daniel lived in Pittsburg county. The note had been assigned and transferred according to the petition.

The decisive question is whether Flynn was a maker or indorser of the instrument, for summons was served upon him in the county of suit, and under section 234, C. O. S. 1921, summons was issued to Pittsburg county against the other defendants.

Section 207, C. O. S. 1921, provides:

"Every other action must be brought in the county in which the defendants or some one of the defendants resides or may be summoned; except actions against makers of notes, claims, or other indebtedness which have been assigned, sold or transferred by or from the original payee or obligee, which actions against such original maker of such notes, claims or indebtedness can only be brought in the county in which the said maker of such note, claim or indebtedness or some one of the original makers of such note, claim or indebtedness resides. Provided, however, this section shall not in any way change or limit section 4671, of the R. L. of Okla. 1910."

Plaintiff's petition in general terms alleged: "That on May 13, 1922, the defendants, for a good and valuable consideration made, executed and delivered to the Southwest National Bank, Oklahoma City, Oklahoma, their promissory note. * * * "

The defendants in error plead in their verified special appearance and plea to jurisdiction: "That the said John B. Patterson, appearing specially herein, is one of the makers of said note; that the said G. W. Henry and J. D. O'Daniel were the other two makers of said note; that the said G. W. Henry, J. D. O'Daniel, and John B. Patterson are each residents of Pittsburg county, state of Oklahoma," etc.

Upon hearing the said plea was sustained

and the cause dismissed, from which action this appeal is perfected.

Reasonable credit given to the words "the" and "other," as contained in the special plea, in reference to makers of the note, would seem to indicate that those named persons were the only makers, while the names appearing on the back of the instrument, by reason of section 7733, C. O. S. 1921, and without words indicating intention to be bound in some other capacity, are deemed to be indorsers. That section reads:

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

See, also, section 7734, C. O. S. 1921, providing: "Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery, he is liable as indorser in accordance with the following rules. * * *" Also section 7687, C. O. S. 1921: "Sixth—Where a signature is so placed upon the instrument that it is not clear in what capacity the person making the same intended to sign, he is to be deemed an indorser." Wiers v. Treese, 27 Okla. 774, 117 Pac. 182.

The petition herein does not particularize as to the capacity in which Flynn signed the note, but merely alleges that "defendants * * * made, executed and delivered" the same, whereas the plea to jurisdiction specifically alleged the makers of the note to be Henry, O'Daniel, and Patterson. It does not appear that plaintiff controverted by additional plea, or contested by the introduction of evidence, the verified allegations of the plea to jurisdiction.

As held in Mangold & Glandt Bank v. Utterback, 54 Okla. 655, 160 Pac. 713:

"The tendency of the law, when the status of a party who places his name upon the back of a negotiable instrument, is under consideration, is to resolve all doubtful cases toward holding the same to be a commercial indorsement in due course."

In Krumm v. El Reno St. Bk., 83 Okla. 177, 201 Pac. 364, this court held:

"Under the applicable provisions of the Negotiable Instrument Law (secs. 4067, 4113, 4114, R. L. 1910), a person placing his signature upon an instrument otherwise than as a maker, drawer or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity, and whether he signs the instrument before or after its delivery does not affect his legal status

as such." Perry Co. v. Taylor Bros. (N. C.) 62 S. E. 423.

In Rockfield v. F. N. Bank of Springfield, 77 Ohio St. Rep. 311, 83 N. E. 392, 14 L. R. A. (N. S.) 842, it was held that the position of a person so placing his name upon the back of such an instrument by a mere blank indorsement is fixed by statute as 'indorser,' and that "an indorser is not a maker or a drawer; not one primarily liable." That conclusion is drawn from the wording of statutes construed in pari materia and identical with ours as follows: " 'A person placing his name upon an instrument otherwise than as maker,' etc.,"and " 'where a person not otherwise a party to an instrument places,' etc." Such person, it was there held, remains a total stranger until he has placed his name on the back, and then the statute says he is an indorser.

So we conclude, as Flynn was not shown to be primarily liable as a maker of the note when the issue was raised, and inasmuch as upon hearing the trial court found to the contrary, and it being conceded that the district court of Beckham county was without jurisdiction unless Flynn was one of the original makers of the note sued upon by plaintiff as assignee, the judgment must be affirmed.

MASON, C. J., LESTER, V. C. J., and CLARK, CULLISON, and ANDREWS, JJ., concur.