VAN ANTWERP v. SCHULTZ et al.

No. 33293.   April 18, 1950.

Rehearing Denied May 9, 1950.

*217 P. 2d 1034.*

Harry Moreland and S. J. Clendinning, both of Tulsa, for plaintiff in error.

Coffey & Coffey and Byron V. Boone, all of Tulsa, for defendants in error Bertha Schultz and R. C. Schultz.

Geo. W. Reed, Jr., of Tulsa, for defendant in error Joseph E. Washington.

LUTTRELLL, J.   This action was brought by the plaintiffs Bertha Schultz and R. C. Schultz against the defendants Atlas Investment Company, L. N. Van Antwerp, and Joseph E. Washington, to enforce collection of a promissory note. At the time the case was tried Atlas Investment Company had been liquidated and dissolved. The trial court rendered judgment in favor of plaintiffs against both defendants, and rendered judgment over in favor of defendant Washington and against defendant Van Antwerp in case defendant Washington should be compelled to pay all or any part of the judgment. Defendant Van Antwerp appeals.

From the evidence it appears that Atlas Investment Company, a corporation, in 1929, purchased from plaintiffs a tract of land, giving the note in controversy for the purchase price thereof, and that plaintiffs refused to accept the note unless it was signed also by Van Antwerp and Washington, who were officials and the principal stockholders in the corporation. The note was dated July 1, 1929, and payable on February 1, 1930. On September 8, 1929, Atlas Investment Company transferred the land to the L. N. Van Antwerp Company, and that company, and Van Antwerp personally, in writing assumed the payment of such indebtedness, and released and agreed to save

harmless the Atlas Company and Washington from all liability on the note. Thereafter Van Antwerp or the Van Antwerp Company made certain payments upon the note, but the note was never paid in full, and on February 2, 1932, plaintiffs filed this action. The defendant Van Antwerp filed a motion to strike the petition, and a further motion to dismiss the action, which were by the trial court overruled, and Van Antwerp at that time filed no further pleadings in the action. Washington and the Atlas Investment Company, after filing motions and a demurrer, filed an answer and cross-petition against Van Antwerp, setting up the assumption of the debt by Van Antwerp, and the release from liability as to them, and alleged that the plaintiffs understood and agreed to such release of liability and the assumption of sole liability by Van Antwerp. Plaintiffs filed a general denial for reply.

The plaintiffs in the meantime had removed to the State of Maryland, and in 1933 their depositions were taken and filed in the case. The case was set for trial on February 14, 1934, and on that date a docket entry in the case shows that both sides waived jury trial and agreed that the case was to be set on the nonjury docket on request. Nothing further was done in the case until September 6, 1946, when plaintiffs filed a request that the case be set on the next nonjury docket. Thereupon the case was passed by agreement and Van Antwerp filed his answer, and reply and answer to the answer and cross-petition of defendant Washington. In his answer to plaintiffs' petition Van Antwerp pleaded that the failure of the plaintiffs to prosecute the case at a time when the assets of Atlas Investment Company were sufficient to have paid said note led him to believe that the case had been abandoned, and that plaintiffs were barred by limitations and by laches. The trial court, on motion, struck all these allegations save the general denial, a denial that all payments made on the indebtedness had been credited on the note, and the allegation that the suit had been abandoned by plaintiffs and was barred by the statute of limitation.

The sole contention of Van Antwerp on appeal is that the failure of the plaintiffs to diligently prosecute the action to judgment was prejudicial to him for the reason that at the time the action was instituted the principal debtor, Atlas Investment Company, was possessed of sufficient assets to pay the note, and that therefore plaintiffs were guilty of laches and should have been by the trial court adjudged to have abandoned the action. We are unable to agree with this contention.

In Flesner v. Cooper, 62 Okla. 263, 162 P. 1112, and in Pauly Jail Bldg. Co. v. Akin, 184 Okla. 249, 86 P. 2d 796, this court expressly held that the doctrine of laches did not apply to cases not of equitable cognizance, and that laches was not a defense to an action at law. And this is the general rule. 21 C.J. p. 214, §212; 30 C.J.S. p. 523, §113; 19 Am. Jur. p. 339, §490.

The cases cited by defendant Van Antwerp, such as Baker v. Deichman, 185 Okla. 452, 94 P. 2d 246; Dardenne v. Daniels, 176 Okla. 557, 56 P. 2d 793, and Skinner v. Scott, 29 Okla. 364, 118 P. 394, were all cases of equitable cognizance.

Furthermore, in the instant case, there is substantial evidence which negatives the possession of sufficient assets by the Atlas Investment Company at the time this cause was set for trial in 1934 to have paid off and discharged the debt, and Van Antwerp was at that time admittedly insolvent. The condition of the record and the evidence taken show that no actual prejudice resulted to either defendant by the delay.

There was a further reason why this defense may not be urged by Van Antwerp. By virtue of their indorsement of the note at the time it was delivered, which indorsement was required by the plaintiffs as a condition precedent to their acceptance of the note, the de-

fendants become sureties thereon. Unger v. Willibey, 141 Okla. 254, 284 P. 854; Linton v. Chestnutt-Gibbons Gro. Co., 30 Okla 103, 118 P. 385; Harris v. Patterson, 138 Okla. 57, 280 P. 434.

In Palmer v. Noe, 48 Okla. 450, 150 P. 462, we said:

"The failure of the payee of a promissory note to sue the principal, upon the oral request of the surety sued, made long after the maturity of the note to the attorney of the payee, who had the note for collection, does not operate as a release of the surety sued, even though the principal, at the time the request was made, was solvent and amply able to pay the note, and, in the meantime, he and the other sureties thereon became insolvent, it being the duty of the surety upon the failure of the principal to pay the note when due, to pay the same and pursue his remedy against the principal and his cosureties."

To the same effect is Vogel Brothers & Co. v. Bastin, 84 Okla. 273, 203 P. 219. This is the general rule. 8 Am. Jur. 467, §816; 10 C.J.S. p. 777, §§293-294.

Both defendants conceded that they were secondarily liable upon the note, and offered no excuse for their failure to pay the note when due, and enforce repayment thereof by the Atlas Investment Company either before or after the action was brought by plaintiffs. Van Antwerp does not contend that the judgment over rendered by the trial court in favor of Washington against him was erroneous. We find no reversible error in the record.

Plaintiffs in their brief ask for judgment against Louise Van Antwerp and J. L. Coffman, sureties on the supersedeas bond filed by defendant Van Antwerp.

It is, therefore, ordered that plaintiffs Bertha Schultz and N. C. Schultz have and recover from the defendant L. N. Van Antwerp, and his sureties, Louise Van Antwerp and J. L. Coffman, the sum of $3,382.22, with interest thereon at the rate of 10 per cent per annum from April 21, 1947, and the further sum of $363.22 as attorneys' fees, and for the costs of this action, for all of which let execution issue out of the trial court.

Affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, CORN, JOHNSON, and O'NEAL, JJ., concur. GIBSON, J., dissents.

———

GIBSON, J. (dissenting). I am of the opinion that the motion to dismiss filed by the defendants in error, Bertha Schultz and R. C. Schultz, should be sustained. Because of procedural defects, this court has no jurisdiction of the appeal.