John FRANK, Plaintiff in Error,

v.

**NATIONAL PRINTING AND OFFICE SUPPLY COMPANY et al., Defendants in Error.**

No. 38080.

Supreme Court of Oklaoma.

June 2, 1959.

Rehearing Denied July 14, 1959.

Application for Leave to File Second Petition for Rehearing Denied Sept. 15, 1959.

See, also, 343 P.2d 1090 and 343 P.2d 1092.

Loeffler, Loeffler & Allen, Sapulpa, for plaintiff in error.

David Young and Glenn O. Young, Sapulpa, for defendants in error.

HALLEY, Justice.

March 3, 1956, John Frank and wife, Grace Lee Frank, filed an action in the District Court of Creek County, District Court Case No. 30,168, against National Printing and Office Supply Company, Inc., here referred to as Printing Company, E. L. Murphy, his wife, Helen G. Murphy, W. L. Foster, and Earl R. Wiseman, District Director of Internal Revenue.

The principal objective of the plaintiffs was to recover a judgment against the Printing Company and the Murphys for certain sums of money claimed by plaintiffs to be due them by reason of the following facts which are generally not denied.

July 19, 1952, the Printing Company executed a promissory note to the American National Bank of Sapulpa in the principal sum of $25,000, payable in installments, and secured by a chattel mortgage of the Printing Company on certain personal property. The bank also required that the Murphys and the Franks indorse this note as sureties and that the Franks pledge as collateral all their stock in the Frankoma Potteries to further secure the payment of the note.

April 2, 1955, the Printing Company also executed a note to the same bank for the sum of $2,100 signed by the Murphys and the Franks as sureties and secured by the same mortgage and collateral.

It is clear that the Printing Company was the principal maker and obligor of such

notes, and that the Franks and Murphys indorsed each note as sureties. The Franks received no money consideration for signing the notes, but were given one-half of the capital stock of the Printing Company, which paid them no dividends and was handed back to the Murphys when the Franks paid the balance due upon the $25,-000 note to the bank.

The evidence shows that at the request of E. L. Murphy, John Frank paid two delinquent payments due on the note in the sum of $1,566.82, and that the Printing Company and the Murphys failed and refused to reimburse him.

On July 20, 1955, the bank assigned this note of $25,000 to W. L. Foster, together with chattel mortgage and collateral. February 17, 1956, Foster notified all parties concerned that the note was due and upon the failure of the Printing Company and the Murphys to make any payment, Grace Lee Frank, a surety upon the note, paid the balance due thereon in the sum of $9,583.43. The Franks sought judgment for the total sum paid by them against the Printing Company and against each of the Murphys for their pro rata share of the sum paid by the Franks as sureties upon the note to the bank.

While this joint action by the Franks was pending the trial judge ruled that John Frank was not a proper party to the joint action by him and his wife and upon dismissal by the court, John Frank on September 27, 1956, filed a separate suit in the District Court of Creek County, being No. 30,454, styled John Frank v. The Printing Company, and the same defendants above named in the joint action with his wife. He set up the same facts as recited in that action but prayed for judgment in the sum of $4,100, against the same defendants and in the same proportions as in the joint action. It is not disputed that the bank would not make the $25,000 loan to the Printing Company without the Franks signing the note as sureties and pledging their Frankoma stock as collateral. The Franks also returned to the Murphys all stock in the Printing Company without consideration and the Franks, while officers in the Print-ing Company, never took any part whatever in its operation.

The case under consideration by John Frank was consolidated for trial with the two cases filed by Grace Lee Frank and it was stipulated by the parties that for convenience, any pertinent evidence introduced in either of the three cases consolidated for trial, should be considered as introduced in each of the cases without reference thereto. Under this stipulation the evidence transcribed in District Court Case No. 30,168 (The Grace Lee Frank Case) may be properly considered as evidence in the case by John Frank, here being considered.

Judgment was rendered August 20, 1957, against John Frank. He was allowed no recovery whatever and upon his motion for a new trial being overruled he gave notice of appeal. In his petition in error he has submitted the following assignments of error.

"1. That the court erred in the assessment of the amount of recovery for said plaintiff, John Frank, in that said court allowed no recovery for said plaintiff, John Frank, in said case.

"2. That the judgment of the court was not sustained by the evidence and is contrary to law.

"3. That errors of law occurred at the trial in the admission of evidence and otherwise which were excepted to by said plaintiff, John Frank, at the time of the trial."

John Frank has submitted only two propositions as follows:

"A surety on a promissory note who has discharged the note or paid a portion of it is subrogated to the rights of the payee, including the rights of the payee in any mortgage that might secure the note to the extent of the full amount paid by the surety as against the principal obligor and to the extent of the pro-rata share thereof of each of the other sureties thereon.

"A surety on a promissory note who has discharged the same or paid a

portion of it may proceed against some or all of his co-sureties and he is not obligated to join all of his co-sureties in an action for contribution, but in no event may he collect more from any one surety than his pro rata share of the amount of the debt discharged by the paying surety."

The stipulation of the parties that evidence introduced in any one of the three cases consolidated for trial, is to be considered as introduced in the other two cases is approved by the court in the Journal Entry in each case. While there is a separate record in each case of all pleadings and exhibits, there is only a transcript of the evidence introduced in the case of Grace Lee Frank, being District Court Case No. 30,168. A careful examination of the transcript of the evidence in that case convinces us that all of the evidence applicable to each of the three cases being tried was introduced and considered.

We note that on May 8, 1958, after a transcript of the evidence had been filed in this Court a motion to dismiss was filed by defendants upon the following grounds, to-wit:

"1. Failure of Plaintiff in Error to set forth in his brief and to brief and argue any specification of error.

"2. Two abstract propositions of law dealing with the rights of a surety on a promissory note are briefed with no effort to show the relevancy of such propositions to any issue in the trial below, and without attempting to show that the trial court in the course of the proceedings below ruled upon such propositions adversely or otherwise.

"3. In an alleged 'Statement of the Case', an effort was made to set forth and discuss excerpts from the evidence, but no part of the evidence has been ordered transcribed or made part of the record as required by law nor have the costs thereof been tendered or paid to the court reporter.

"4. No effort has been made to incorporate in the discussion of facts a

summary of whole evidence, as a result of which it is impossible for this court to determine whether the judgment is contrary to the weight of the evidence without making an examination of the whole evidence. The brief, therefore, fails to point out any facts or circumstances to overcome presumption that the judgment of the trial court is correct and conforms to the law."

This motion was denied by this Court on May 20, 1958. It involves some of the same points of law now urged in defendants' brief, but we think it proper to review and consider the entire record again, and especially to examine the transcript of the testimony introduced at the trial of the consolidated cases.

We find definite and undisputed testimony that John Frank paid $1,566.82 to the holder of the $25,000 note after being notified by the bank that payment must be made, and that the principal obligor on the note, the Printing Company, and the co-sureties, the Murphys, failed to make the payment or to contribute thereto.

We are unable to understand, under the facts before us, why the defendants contend that the evidence is not before this Court on appeal. The stipulation may be irregular in providing that any evidence introduced in one case shall be considered as also introduced in another case or cases, but it was entered into by the parties and is binding upon them. Each of the court reporters who took and transcribed the testimony has certified that it is a full, true, correct and complete report of the proceedings.

In view of the facts before us we find no merit in the contentions of the defendants in error to the effect that the evidence is not before this Court for review, and the cases cited are not applicable. John Frank has complied with the provisions of Section 956.5, 12 O.S.1951, Supp.1957. The evidence before us covers fully the questions of fact involved as to the payment by John Frank of $1,566.82, on the $25,000

note and the fact that his only obligation was that of a surety. As to the payment of the balance of the $4,100 sued for by John Frank, the judgment of the trial court is not against the clear weight of the evidence.

The two propositions submitted by John Frank and quoted above are certainly pertinent to the questions of law involved in the pleadings, and John Frank contends that the judgment denying him any recovery is contrary to the clear weight of the evidence and contrary to law, which is one of the errors assigned in the petition in error. He also contends that the judgment denying him any recovery is contrary to the evidence and contrary to law.

■ John Frank also alleged that he made payments to the Printing Company to be applied on the note but the proof of any payments, except the two installments of $1,566.82, is inconclusive and is disputed. The payment of $1,566.82 was made by John Frank to the bank before the note was transferred to Foster. The law relative to the facts before us is expressed in Sections 381 and 382, 15 O.S.1951, as follows:

"If a surety satisfies the principal obligation, or any part thereof, whether with or without legal proceedings, the principal is bound to reimburse what he has disbursed, including necessary costs and expenses; but the surety has no claim for reimbursement against other persons, though they may have been benefited by this Act, except as prescribed by the next section.

"A surety, upon satisfying the obligations of the principal, is entitled to enforce every remedy which the creditor then has against the principal, to the extent of reimbursing what he has expended; and also to require all his co-sureties to contribute thereto, without regard to the order of time in which they became such."

In 8 Am.Jur., Bills and Notes, Section 467, p. 214, the rule as to the rights of a surety who pays the debt of his principal is expressed as follows:

"A surety, on paying the debt of his principal, is entitled to be subrogated to the rights of the creditor in all or any of the security which the creditor has for enforcing payment against the principal. * * *"

In 50 Am.Jur., Subrogation, Section 113, p. 756, it is stated:

"One who is subrogated acquires all the rights of the creditor against the debtor. He becomes entitled to whatever collateral securities the creditor may have as security for the debt, and to the same benefits from such securities as the creditor might have had. * * *"

In the early case of Cummins v. Line, 43 Okl. 575, 143 P. 672, 673, the Court said:

"That a surety who pays a note is subrogated to all the rights of the holder of the note cannot be questioned. * * *"

In the more recent case of Van Antwerp v. Schultz, 203 Okl. 84, 217 P.2d 1034, 1035, this Court said in the second paragraph of the syllabus:

"Where the officers of a corporation indorsed a corporation note prior to the delivery thereof they are liable as sureties. Upon the failure of the principal to pay the note when due it was the duty of the surety to pay the note and pursue his remedy against the principal and his cosureties. Delay of the payee to bring or prosecute an action for the collection of the note, if the same was brought prior to the time the statute of limitation had run, may not be urged by a surety as a defense to the action."

■ Defendants contend that John Frank did not have the right to proceed against the other sureties unless he also proceeded against his wife, also a surety. We do not agree for several reasons. Grace Lee Frank had paid more than $9,000 on the note, and failure to join her as a defendant placed no extra burden upon the other sureties than their pro

rata share of what John Frank paid. In 72 C.J.S. Principal and Surety § 377b, p. 831, it is said:

"* * * A supplemental surety, or cosureties not within the jurisdiction, or a cosurety who has paid his proportionate share is not a necessary party. * * *"

In 50 C.J., Principal and Surety, Section 521b, p. 310, the rule is stated as announced in Carter v. Fidelity & Deposit Co. of Maryland, 134 Ala. 369, 32 So. 632, 92 Am.St.Rep. 41, as follows:

"On payment by one surety after suit is brought of his contributive share, the others cannot object to a dismissal as to him if their liability is not increased thereby." See also 72 C.J.S. Principal and Surety § 377.

We find it unnecessary to discuss the rights of the State of Oklahoma and the United States who were parties defendant because of delinquent taxes due by the Printing Company as they are no longer in this case by virtue of stipulation of the parties.

The contention of defendants that the Franks and Murphys were merely partners doing business as National Printing and Office Supply Company, Inc., is without merit. The testimony is clear that the corporation was formed before it executed the $25,000 note, and was a corporation at the time of trial. The undisputed evidence shows that while the Franks held stock and were officers in the corporation, the Murphys ran it. The Franks never drew a check on the corporate account and received nothing at all for holding stock in the printing company.

The judgment is affirmed as to any claim by John Frank in excess of the payment made by him of $1,566.82. The judgment is reversed as to the sum of $1,566.82, with instructions to render judgment for John Frank for that amount against the National Printing and Office Supply Company, Inc., and against E. L. Murphy and Helen G. Murphy each for one-fourth of that amount.