■ LIBERTY NATIONAL BANK AND TRUST COMPANY, Respondent, v GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant. — Order unanimously affirmed, with costs. Memorandum: To facilitate payment to car dealers of the amounts of retail installment contracts made by car purchasers, defendant prepared and supplied participating dealers with form drafts. The form named defendant as drawee, payable through Marine Midland Bank — Western. The payee was to be a bank, with the name of the intended bank left blank. The drawer was a dealer, with the name of the particular dealer being left blank. Also left blank were the date, the draft number and the amount of the draft. Immediately beneath the line reserved for the amount of the draft, the following was printed: "IN PURCHASE OF CONTRACT(S) SENT TO DRAWEE UNDER SEPARATE COVER, SUBJECT TO DOCUMENTS BEING PROPERLY DRAWN AND CREDIT SATISFACTORY TO DRAWEE". Reecer Chevrolet, Inc. (Reecer) drew four drafts on defendant's forms, one dated February 7, 1980 and three dated February 11, 1980, in the total sum of $25,479.64. The drafts were payable to plaintiff, were deposited in Reecer's account with plaintiff and were subsequently dishonored by defendant even though the contracts were properly drawn, the credit of each of the car purchasers was satisfactory and defendant had received and retained the contracts sent by Reecer. When defendant dishonored the drafts, the funds in Reecer's account with plaintiff were insufficient to cover the total amount of the drafts and plaintiff thus sustained a net loss of $9,423.16, which it seeks to recover from defendant. It appears that defendant dishonored the drafts drawn on its forms because Reecer was heavily indebted to defendant on loans it had made to Reecer to purchase cars from the manufacturer. In granting plaintiff's motion for summary judgment, Special Term found, *inter alia,* that plaintiff was a holder in due course. While there should be an affirmance, in our view it is of no consequence whether the drafts were negotiable. The draft forms, which were prepared and published by defendant for use by automobile dealers, obviously invited a payee bank to credit the car dealer's account with the amount of the draft and impliedly promised that defendant would honor the draft provided that the conditions stated thereon were met. Plaintiff accepted defendant's invitation, which constituted an offer; the offer and acceptance were supported by consideration; and the conditions were met. Under these circumstances, defendant is liable to plaintiff (*Muller v Kling,* 149 App Div 176, affd 209 NY 239). (Appeal from order of Erie Supreme Court, Johnson, J. — summary judgment.) Present — Dillon, P. J., Simons, Doerr, Denman and Moule, JJ.