Richard D. HAMPTON, Executor of the Estate of Bryan Elijah Hampton, deceased, Appellee,

v.

SURETY DEVELOPMENT CORPORATION, A Texas Corporation, and Dillon Real Estate Co., Inc., Appellants.

No. 70392.

Supreme Court of Oklahoma.

Oct. 1, 1991.

Richard D. Hampton, James C. Hanna, Oklahoma City, for appellee.

Shirk, Work, Robinson & Williams by William J. Robinson, Oklahoma City, for appellants.

HODGES, Vice Chief Justice.

The estate of Bryan E. Hampton (Plaintiff), seller of a tract of land, brought this action against Surety Development Corporation and Dillon Real Estate Co., Inc. (Defendants). The trial court sustained Plaintiff's motion for summary judgment and denied Defendant's cross motion. The Court of Appeals reversed and granted the Defendant's cross motion.

The statements contained in the parties' briefs reflect the following uncontroverted facts. The parties entered into an agreement for the sale and purchase of real estate described as:

> All of Block 4 excluding the West 156' of the South 185', and excluding a triangular tract on the NW Corner being 20' on the North and 20' on the West, to Spain's Crystal Springs Addition, a Subdivision of the N/2 of the NW/4 of Sec. 34, T12N, R4W indian [sic] Meridian, Oklahoma City, OK.

The tract of land contained approximately 182,952 square feet. The agreed selling price was $2.18 a square foot. The contract was contingent on rezoning by Oklahoma City (City).

The parties thought the City required a seventeen foot easement as a condition to rezoning. Because the contract was contingent on the rezoning and the selling price was based on square footage, the parties entered into an addendum to the contract. The parties agreed that the easement contained 12,676.9 square feet and that each party should bear half the cost of the easement, or $13,817.82.

The deed conveying the property to the Defendants was filed in October, 1985. The deed conveying the easement to the City was filed in 1986. In July 1987, the City deeded the easement back to the Plaintiff. The deed contained a note stating: "The purpose of this quit claim deed is to remove a cloud on the title to the above-described property created by the invalid and void easement...."

Both the Plaintiff and Defendants filed motions for summary judgment. The trial court sustained Plaintiff's motion for summary judgment and found that the parties had entered into the addendum under a mutual mistake of fact. The Court of Appeals reversed and granted Defendant's motion for summary judgment.

"Summary judgment is appropriate only when it appears that there is no substantial controversy as to any material fact and that one of the parties is entitled to judgment as a matter of law." *Flanders v. Crane Co.*, 693 P.2d 602, 605 (Okla.1984). Here the record shows that there is no substantial controversy as to any material fact.

In order to have a valid contract, there must be mutual consent, a meeting of the minds. Okla.Stat. tit. 15, §§ 2, 51 (Okla.1991). When there is a mutual mistake of fact as to a material element of the contract, a meeting of the minds is absent. When a contract is executed under a mutu-

al mistake of fact, a court can rescind the contract and restore the parties to the same positions as when the contract was executed. *Watkins v. Grady County Soil and Water Conservation Dist.*, 438 P.2d 491, 494 (Okla.1968). Rescinding the addendum leaves the parties with the original contract which called for conveying the property, including the easement, to the Defendants and the Defendants paying an additional $13,871.82 above the revised contract price. Therefore, the trial court correctly granted summary judgment in favor of the Plaintiff in the amount of $13,871.82 with interest. However, the trial court should have quieted title to the easement in Defendants as a matter of law.

When the facts are presented to the trial court on a motion for summary judgment, this Court is free to render the judgment that the trial court should have rendered. *Loffland Bros. Co. v. Overstreet*, 758 P.2d 813, 817 (Okla.1988). Therefore, the trial court's judgment is affirmed but the judgment is modified so that title to the easement is quieted in the Defendants.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF APPEALS WITHDRAWN AND VACATED; TRIAL COURT'S JUDGMENT AFFIRMED AS MODIFIED.

OPALA, C.J., and LAVENDER, DOOLIN, HARGRAVE, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

SIMMS, J., dissents.