**FIRST NATIONAL BANK AND TRUST CO. OF McALESTER, Appellee,**

v.

**CHRYSLER CREDIT CORPORATION, Appellant.**

**Nos. 78702, 79352.**

Court of Appeals of Oklahoma, Division No. 3.

March 16, 1993.

Rehearing Denied April 27, 1993.

Certiorari Denied June 29, 1993.

**582** 

Appeal from the District Court of Pittsburg County, Steven W. Taylor, Judge.

Eric S. Eissenstat, Oklahoma City, for appellant.

Fred C. Cornish, Leslie Zieren, Tulsa, for appellee.

## MEMORANDUM OPINION

HUNTER, Judge:

██ Appellant (Chrysler Credit) claims the trial court erred when it granted summary judgment in favor of Appellee (Bank)

(78,702), and when it subsequently awarded attorney fees to Bank (79,352). We hold that retail finance drafts, even when the draft forms are crafted by drawee for the use of dealerships, do not contain an implied promise that drawee will pay. Drawee is not obligated to pay unless drawee accepts the draft. The recourse for payment is against drawer of the draft.

## FACTS

Chrysler Credit and Fitter Jeep–Eagle (Dealership), entered a contract for retail vehicle financing. Dealership is not a party to this lawsuit. The contract provided that Chrysler Credit could deny payment on the drafts to Dealership if Dealership was in default on the contract. Dealership used Bank as its depositing institution and the institution where it kept its operating account. The collecting bank was located in a different state.

Dealership deposited three drafts in Bank. Bank gave Dealership immediate credit for the drafts. Chrysler Credit dishonored the drafts when presented because Dealership was in default on the contract. Appellant Chrysler Credit is the drawee of the drafts and Dealership is the drawer.

The trial court first granted summary judgment in favor of Chrysler Credit but, on reconsideration, withdrew that order and entered summary judgment in favor of Bank, grounding its decision on *Liberty National Bank & Trust v. General Motors Acceptance Corp.*, 85 A.D.2d 889, 446 N.Y.S.2d 758 (1981). *Liberty* held that draft forms, prepared by GMAC for use by dealerships, induced payee bank to credit car dealers accounts and implied that GMAC would honor the drafts. In *Liberty* the drafts were made payable to the payee bank. Even if that were not the case, however, we believe the reasoning and holding of *Liberty* are flawed.

## STANDARD OF REVIEW

██ When facts are presented to the trial court by documentary material, the appellate court may substitute its analysis of the record for that of the trial court. *Loff-*

*land Brothers Co. v. Overstreet,* 758 P.2d 813 (Okl.1988). Based on that analysis, the appellate court may also enter the judgment the trial court should have rendered. *Hampton v. Surety Development Corp.,* 817 P.2d 1273 (Okl.1991). Summary judgment is only appropriate, however, when the record perfectly and clearly shows that no substantial controversy as to any material facts exits, and that a party is entitled to judgment as a matter of law. 12 O.S. 1991, Ch. 2, App.Dist.Ct.R. 13(d); *Northrip v. Montgomery Ward & Co.,* 529 P.2d 489 (Okl.1974).

### *FINDINGS ON REVIEW*

Our review of the record shows no dispute as to any material fact. As a matter of law, however, Chrysler Credit, not Bank, was entitled to judgment.

■ This case is governed in the first instance by the Commercial Code, found in Title 12A of the Oklahoma Statutes. A drawee is not liable on a draft unless drawee accepts the instrument. 12A O.S.1981 § 3-408. 12A O.S.1981 § 3-409 defines "acceptance" as the drawee's signed agreement to pay the draft. Chrysler Credit did not accept the drafts. Its right not to accept the drafts is not in dispute. Chrysler Credit is not liable for payment of the drafts.

We agree with the court that although the UCC is the governing law to apply, it does not necessarily supplant other valid theories of recovery. *First National Bank of Alamosa v. Ford Motor Credit Co.,* 748 F.Supp. 1464 (D.Colo.1990). We do not find, however, that the draft amounted to an implied promise of Chrysler Credit to pay. The record does not support an implied promise theory of recovery. Bank's president, who also serves on the Board of Directors, testified in his deposition that it never contacted Chrysler Credit about whether the drafts would be honored; that it extended immediate credit to Dealership and that it knew that the drafts could be accepted or rejected by Chrysler Corporation.

Because we find the court erred in granting summary judgment in favor of Bank, and because we find Chrysler Credit should be awarded judgment against Bank, we must also find Bank was not a prevailing party for the purpose of an award of attorney fees.

We reverse the orders of the trial court and remand the case to the lower court with directions to enter an order consistent with this opinion.

REVERSED AND REMANDED.

HANSEN, C.J., and BAILEY, P.J., concur.