2002 OK CIV APP 114

**Daniel E. SHORT, Plaintiff/Appellant,**

v.

**AMERICAN BIOMEDICAL GROUP, INC., Defendant/Appellee.**

**No. 98,014.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 25, 2002.

Bradley D. Brickell, Brickell & Associates, L.P.C., Oklahoma City, OK, for Plaintiff/Appellant.

Bradley K. Donnell, McAfee & Taft, P.C., Oklahoma City, OK, for Defendant/Appellee.

Opinion by CAROL M. HANSEN, Presiding Judge:

¶1 Daniel Short appeals a summary judgment entered in favor of Defendant, American Biomedical Group, Inc. The trial court based its ruling on the "reasons set forth in

Defendant's Motion for Summary Judgment and Brief in Support, and Defendant's Reply to Plaintiff's Response to Motion for Summary Judgment."

¶ 2 On March 16, 2000, Short filed this action seeking $10,000.00 in damages against Defendant for breach of contract under a written agreement for commissions he claimed he earned for marketing services he performed for Defendant under the agreement. The parties entered into the agreement on April 22, 1988. Short also sought a declaratory judgment defining the "validity and subsistence" of the contract's terms and provisions. Defendant answered, raising several affirmative defenses of, among other things, laches and the running of the statute of limitations.

¶ 3 In February of 2001, Short filed a motion to enter the cause on jury docket. Later the trial court issued a scheduling order setting deadlines for pre-trial motions and discovery. In December of that year, Short filed his initial witness and exhibit lists. Later that month, he filed a motion to extend the discovery deadline, claiming Defendant had been uncooperative.

¶ 4 On January 15, 2002, Defendant filed its motion for summary judgment alleging Short's action should be dismissed as a matter of law based on the equitable doctrine of laches. Defendant pointed out Short had originally filed an action against it on June 6, 1994. The trial court dismissed that action without prejudice on March 16,1999. Pursuant to 12 O.S.1991 § 100,[1] Short timely filed this action.[2]

¶ 5 In its motion for summary judgment, Defendant argued because 14 years had passed since the parties entered into the agreement,[3] it was unable to prepare its de-

fense adequately. It attached the agreement, the first petition, Short's request for production of documents, Short's first set of interrogatories, and other documents filed in the initial action.

¶ 6 Based on the passage of time and Short's dilatory actions, Defendant claimed laches applied.[4] It argued laches applies to failure to prosecute as well as a failure to file an action. Short responded arguing laches only applies to equitable actions, and this action was primarily one for breach of contract, an action at law. The trial court agreed with Defendant.

¶ 7 Short's appeal is an appeal from the trial court's judgment sustaining Defendant's motion for summary judgment and dismissing the case. It stands submitted for review by this Court without appellate briefs on the accelerated docket pursuant to Rule 1.36, Supreme Court Rules, 12 O.S. Supp.2001, Ch. 15. App. On a motion for summary judgment, because there are no witnesses to evaluate, this Court may substitute its judgment for that of the trial court, using the same record the trial court had before it. *Hampton v. Surety Development Corp.*, 1991 OK 94, 817 P.2d 1273. Summary judgment is an appropriate remedy only when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Buckner v. General Motors Corporation*, 1988 OK 73, 760 P.2d 803. In reviewing an order granting summary judgment, the appellate standard of review is de novo. This Court, like the trial court, will examine the pleadings and evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact.

---

1. This section provides if any action is commenced within due time, and the plaintiff fails in such action, otherwise than upon the merits, the plaintiff may commence a new action within one (1) year after that failure although the time limit for commencing the action shall have expired before the new action is filed.

2. Although Defendant claims because 1999 was a leap year and included 366 days the action was untimely, we hold a year is a year, regardless of the number of days it contains.

3. Short points out Defendant's breach did not occur on the date of the agreement.

4. Defendant did not base his motion for summary judgment on the running of the statute of limitations until his reply to Short's response to its motion for summary judgment. It was at this time Defendant pointed out the leap year issue as a basis for its statute of limitations defense.

*Kirkpatrick v. The Chrysler Corporation,* 1996 OK 136, 920 P.2d 122.

¶ 8 The doctrine of laches is peculiar to courts of equity. It exists independent of the statute of limitations; and an action may be barred on account of the laches of the complainant for a period shorter than the statutory period of limitation. The mere institution of a suit, where there is want of diligence in prosecuting it, does not relieve the complainant from the charge of laches. The time, on account of a person's laches, which will constitute a bar to an action is subject to no arbitrary rule, but varies and is determined by the circumstances of each case. *Skinner v. Scott,* 1911 OK 282, 118 P. 394.

¶ 9 The Oklahoma Supreme Court has long expressly held the doctrine of laches does not apply to cases not of equitable cognizance. Thus, laches is not a defense to an action at law. "And this is the general rule." *Van Antwerp v. Schultz,* 1950 OK 102, 217 P.2d 1034, citing 21 C.J. p. 214, ¶ 212; 30 C.J.S., Equity p. 523 ¶ 113; 19 Am.Jur. p. 339 section 490. In a more recent decision, *B & M International Trading Co. v. Woodie Ayers Chevrolet, Inc.* 1988 OK 133, 765 P.2d 782, a trading company sued several corporations, alleging tortious interference by the corporations with the trading company's contract. Nine years later the district court dismissed the action with prejudice based on the doctrine of laches, and the plaintiff appealed. In its petition, the plaintiff also had asked for accountings of various funds which were to have been collected and disbursed among the parties to the contract. The Supreme Court held the affirmative defense of laches is available only in equity actions. The Court stated the authority to order accountings fell within the court's equity jurisdiction; however, the gravamen of the suit sounded in law, not equity. Although the Court held the trial court acted within its authority to dismiss the case for failure to prosecute, it erred in dismissing the action *with prejudice.* The plaintiff clearly had the right to refile after the first dismissal.

¶ 10 In the present action, Short did refile within the statutory time set out in § 100. Although he sought a declaratory judgment, the gravamen of Short's lawsuit is for damages for breach of contract, an action at law. Since Short refiled this action, the record reflects numerous filings and orders including a request by Short, unobjected to by Defendant, to place the action on the jury docket, and, in February of 2002, a joint application to extend discovery time. Laches may not bar such a suit. The trial court erred as a matter of law in granting summary judgment to Defendant based on the laches arguments presented by Defendant in its motion for summary judgment and the statute of limitations' defense contained in its reply brief.

¶ 11 Accordingly, the trial court's order granting summary judgment to Defendant is REVERSED, and the case REMANDED to the trial court with directions to proceed with trial of the case.

REVERSED AND REMANDED.

ADAMS and MITCHELL, JJ., concur.